**E-Filed 10/31/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARC D. WILLIAMS,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE STANDARD INSURANCE COMPANY,<br>and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case Number C 06- 04495 JF<br><br>ORDER[1] GRANTING DEFENDANT'S<br>MOTION TO DISMISS WITHOUT<br>LEAVE TO AMEND<br><br>[re: docket no. 5] |

Defendant Standard Insurance Company ("Standard") moves to dismiss Plaintiff's first amended complaint for failure to state a claim upon which relief can be granted. Plaintiff Marc D. Williams ("Williams") opposes the motion. The Court heard oral argument on October 27, 2006. For the reasons set forth below, the motion will be granted.

**I. BACKGROUND**

Williams alleges the following.[2] Williams purchased an insurance policy from Standard

---

[1] This disposition is not designated for publication and may not be cited.

[2] Allegations are taken from Williams's FAC unless otherwise noted.

1    to provide long-term disability payments in the event that he was unable to work.  Williams

2    became disabled on July 28, 1999.  Mot. Dismiss, Ex. 2.  In October of 2000, Standard approved

3    Williams's claim for long-term disability benefits and began making payments.  On September

4    25, 2001, Williams received a letter from Standard notifying him that the long-term disability

5    payments would terminate on October 30, 2001, based upon findings by Williams's treating

6    physician, Dr. Senegor.

7         More than three years later, on February 22, 2005, Dr. Senegor again assessed Williams

8    and released him from all medical restrictions, thereby authorizing him to return to work.  At the

9    same time, Dr. Senegor revised his prior medical findings.  On September 12, 2005, Williams

10    wrote to Standard demanding retroactive long-term disability payments for the period between

11    November, 2001 and February, 2005 in light of Dr. Senegor's revised findings.  Standard denied

12    Williams's request for retroactive payments and informed him that the contractual limitations

13    period had run.  The policy contains a clause entitled "Review Procedure" that requires any

14    request for review of a denial of all or part of a claim to be submitted in writing "within 60 days

15    after you receive notice of the denial."  Mot. Dismiss, Ex. 1.  The policy also contains a clause

16    entitled "Time Limits on Legal Actions" that states "[n]o action at law or in equity may be

17    brought until 60 days after you have given us Proof of Loss.  No such action may be brought

18    more than three years after the earlier of: (1) The date we receive Proof of Loss; and (2) The end

19    of the period within which Proof of Loss is required to be given."  *Id.*

20         On October 11, 2005, Williams filed suit against Standard in the Santa Clara Superior

21    Court.  In June, 2006, Williams filed a first amended complaint ("FAC") seeking relief for

22    Standard's alleged (1) breach of contract and (2) unfair business practices pursuant to Cal. Bus.

23    & Prof. Code § 17200, *et seq.*  On July 24, 2006, Standard removed the instant action to this

24    Court pursuant to 28 U.S.C. § 1441(a) based upon diversity jurisdiction.

25

26                       **II. LEGAL STANDARD**

27         A complaint may be dismissed for failure to state a claim upon which relief can be

28

Case No. C 06-04495 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX1)

granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic, which are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

## III. DISCUSSION

**A. Breach of Contract Claim for Relief**

Standard asserts that Williams's breach of contract claim is barred both by the terms of the contract and by the applicable California statute of limitations.

### *(1) Contractual Limitations Period*

Standard first argues that Williams's suit is barred because of the policy's three-year limit on legal actions. Standard also argues that Williams failed to comply with the policy requirement that an insured must request review of any denial within sixty days of denial.

California Insurance Code section 10350.11 requires disability insurance policies to contain the following language: "[n]o action at law or in equity shall be brought to recover on

3

1   this policy prior to the expiration of 60 days after written proof of loss has been furnished in

2   accordance with the requirements of this policy.  No such action shall be brought after the

3   expiration of three years after the time written proof of loss is required to be furnished." In

4   California, an insurer may by the contract of insurance limit the time within which suit may be

5   brought on the policy to provide for a shorter time than that provided by law.  *Genuser v. Ocean*

6   *Acc. & Guar. Corp.*, 57 Cal. App. 2d 979, 983 (1943).

7         Standard asserts that Williams was disabled on July 28, 1999, and that proof of loss was

8   due either within 120 days, or if that was not possible, then within one year after the expiration of

9   the 120 day period.[3]  It thus asserts that Williams's proof of loss would have been required either

10  by November 24, 1999, or at the latest by November 24, 2000.  Williams does not disagree with

11  these calculations.  Therefore, pursuant to the three-year contractual period of limitations,

12  Williams needed to file suit before November 24, 2003.

13        ***(2) Statute of Limitations***

14        California Civil Procedure Code section 337(1) provides a four year statute of limitations

15  on the commencement of civil actions upon any contract in writing.  Standard asserts that this

16  four-year period began running on September 25, 2001, when Williams received the denial letter,

17  because as of that date Williams knew or should have known the facts essential to his claim.

18  Standard asserts that the statute had run on September 25, 2005, thus Williams's suit filed on

19  October 11, 2005 is barred.  Conversely, Williams argues that the statute did not begin to run

20  until February 22, 2005, when he discovered that he could have qualified for disability benefits

21  from November 1, 2001 through February 22, 2005, based on Dr. Senegor's revisions.

22  Alternatively, Williams argues that the statute of limitations should be equitably tolled because

23  of his delayed discovery of his claim.

24        The statute of limitations on a breach of contract action begins to run when the breach

25  occurs.  *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (defining the general rule of the

26

27  ───────────────

28  [3] Standard refers to a thirty day waiting period in addition to the ninety day proof of loss
    requirement.  For simplification the Court refers to the proof of loss period as 120 days.

4

1   accrual of a cause of action as the time when the wrongful act was done).  A cause of action

2   accrues when a plaintiff discovers or should have discovered all facts essential to the cause of

3   action. *State Farm Fire & Cas. Co. v. Superior Court*, 210 Cal. App. 3d 604, 608 (1989).  An

4   action accrues for limitations purposes when a plaintiff has notice or information of

5   circumstances to put a reasonable person on inquiry. *Norgart*, 21 Cal. 4th at 397 (noting that the

6   plaintiff need not know the specific facts necessary to establish the cause of action, and may seek

7   to learn such facts through the process contemplated by pretrial discovery).  Further, an insured

8   who is aware of the essential facts cannot toll the statute of limitations by contending he only

9   belatedly discovered that his policy might provide coverage, because knowledge of the facts,

10  rather than legal theories or remedies, starts the statute of limitations. *Love v. Fire Ins. Exch.*,

11  221 Cal. App. 3d 1136, 1143 (1990).

12      Equitable tolling is a judge-made doctrine which operates independently of the literal

13  wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary

14  to ensure fundamental practicality and fairness. *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370

15  (2003).  The effect of equitable tolling is that the limitations period stops running during the

16  tolling event, and begins to run again only when the tolling event has concluded. *Id.* (noting that

17  tolling events include: the pending resolution of an underlying title action, the period between

18  timely notice of loss and the insurer's denial of the claim, the pending resolution of plaintiff's

19  separate federal suit, and the period when plaintiff pursued worker's compensation remedy

20  against defendant) (citations omitted).

21      Williams alleges that Standard breached its contract on November 1, 2001, when it

22  refused to continue paying his disability benefits.  The Court concludes that the denial letter of

23  September 25, 2001 provided Williams with notice of or information about circumstances that

24  would have put a reasonable person on inquiry.  At that time, Williams could have sought revised

25  or additional medical findings from Dr. Senegor or another physician.  Equitable tolling is not

26  appropriate because Williams has not alleged any appropriate tolling event.  Therefore the statute

27  of limitations had run when Williams filed suit on October 11, 2005.

28

Case No. C 06-04495 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX1)

**B. Unfair Business Practices Claim for Relief**

Standard asserts that Williams's unfair business practices claim is barred both by the statute of limitations and because Williams had an adequate remedy at law.

### (1) Statute of Limitations

California Business and Professions Code section 17208 states that any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued. Pursuant to the analysis above, the Court concludes that Williams's claim accrued when he received the denial letter dated September 25, 2001. Accordingly, this claim is time-barred.

### (2) Remedy at Law

California Business and Professions Code section 17200 *et seq.* is known as the unfair competition law (the "UCL"). *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1142 (2003). A UCL action is equitable in nature, and damages cannot be recovered. *Id.* at 1144. Through the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices in order to protect the public and restore to the parties in interest money or property taken by means of unfair competition. *State v. Altus Fin.*, S.A., 36 Cal. 4th 1284, 1303 (2005). A UCL claim for restitution seeks to compel defendants to return money obtained through an unfair business practice to those persons in interest from whom the property was taken. *Id.* at 1304.

Williams alleges that he has no adequate remedy at law and that he requested restitution from Standard, but was denied. Standard argues that the restitution that Williams seeks is nothing more than the payment of benefits he seeks in his breach of contract claim. Indeed, the only remedy Williams actually seeks under the UCL is attorney's fees. However, even if Williams were to amend his complaint to seek restitution, the Court would agree with Standard. By alleging a breach of contract claim and by seeking damages against Standard Williams has demonstrated the existence of an adequate remedy at law. *See Prudential Home Mortg. Co. v. Sup.Ct.*, 66 Cal. App. 4th 1236, 1249-1250 (1998) (holding that a claim under § 17200 should be stricken because it is subject to the same equitable rules as any other claim and that, on the facts

6

1  as pleaded, plaintiff had an adequate remedy at law).

2

3                              **IV. ORDER**

4        Because it does not appear that Williams could allege additional facts that would change

5  the foregoing analysis, and good cause therefore appearing, IT IS HEREBY ORDERED that the

6  motion to dismiss is GRANTED without leave to amend.  The Clerk shall enter judgment and

7  close the file.

8

9

10

11 DATED: _____10/31/06_____

12

13

14                                    _____

15                                    JEREMY FOGEL
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-04495 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX1)

1    This Order has been served upon the following persons:

2

3

4

5    Andrew M. Altschul                    andrew@portlandemploymentlaw.com

6    F. Anthony Edwards                    esquireace@hotmail.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-04495 JF
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND
(JFEX1)