**E-Filed 12/15/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARC D. WILLIAMS,<br><br>              Plaintiff,<br><br>   v.<br><br>THE STANDARD INSURANCE COMPANY, et al.,<br><br>              Defendants. | Case Number C 06-4495 JF<br><br>ORDER[1] DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>[re: docket no. 26] |

### I. BACKGROUND

On October 21, 2006, the Court granted defendant Standard Insurance Company's ("Standard") motion to dismiss Plaintiff's complaint without leave to amend. The Court concluded that the statute of limitations barred Plaintiff's breach of contract claim. The Court also concluded that the statute of limitations and the existence of an adequate remedy at law barred the unfair business practices claim.

On November 7, 2006, Plaintiff moved for leave to file a motion for reconsideration.

---

[1] This disposition is not designated for publication and may not be cited.

Plaintiff contends that the Court failed to consider material facts and/or dispositive legal arguments. Specifically, he contends that the Court failed to apply the doctrine of equitable tolling. He asserts that equitable tolling applies because he alleged the pursuit of his Workers' Compensation claim, which was settled on December 1, 2004. Plaintiff contends that he "could not have filed his breach of contract claim during the period when he pursued his Workers' Compensation claim. Consequently, Equitable Tolling applies because Plaintiff alleged a tolling event, i.e. the pursuit of his Workers' Compensation remedy." Motion 2 (citations omitted).

## II. LEGAL STANDARD

A motion for leave to file a motion for reconsideration is governed by Civ. L. R. 7-9, which requires that the party seeking leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b).

## III. DISCUSSION

Although he now argues that the period during which he pursued his workers' compensation remedy is a tolling event, Plaintiff did not make this argument in his opposition to the motion to dismiss. Instead, Plaintiff contended that he "could not bring this complaint any earlier in Court, since he had to first establish disability and then present his disability claim to defendant. Equitable tolling stops the statute of limitations from expiring when a Plaintiff has remedies in addition to state court." Opposition to Motion to Dismiss 4. Plaintiff also wrote: "the 'equitable tolling' doctrine grants relief to a Plaintiff from a bar by the statute of limitations where the Plaintiff, possessing several legal remedies, reasonably and in good faith, pursues one designed to lessen the extent of his damages or injury." *Id.* at 5. Plaintiffs' opposition did not cite *Elkins v. Derby*, 12 Cal.3d 410 (1974), the case that he now says supports the proposition

that the statute of limitations should be equitably tolled during the pendency of his workers' compensation claim.[2]  Plaintiff provides the Court with no explanation why he did not make such an argument in his opposition.  Accordingly, it does not provide a basis for granting leave to file a motion for reconsideration.[3]

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for leave to file a motion for reconsideration is DENIED.

DATED: December 15, 2006

                                                                                    JEREMY FOGEL
                                                                                    United States District Judge

---

[2] This case held that a workers' compensation claim is grounds for equitable tolling of the statute of limitations for bringing a civil claim against an employer for the same harm alleged in the workers' compensation claim.  The court rejected the alternative suggestion that it should require a plaintiff to file simultaneous civil and workers' compensation claims.  *Elkins*, 12 Cal.3d at 418-20.

[3] The Court also notes that the Workers' Compensation agreement provided as Exhibit 1 to the instant motion is between Plaintiff and the City of San Jose.  It does not make reference to Standard.  Accordingly, it appears that this Workers' Compensation claim does not pertain to the dispute between Plaintiff and Standard over the insurance contract that Plaintiff purchased from Standard and that he sought to enforce in this lawsuit.

1 | This Order has been served upon the following persons:
2 | Andrew M. Altschul          andrew@portlandemploymentlaw.com
3 | F. Anthony Edwards          esquireace@hotmail.com